IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| EUGENE DEBBS PHILLIPS, III, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV212-189 |
| CONSOLIDATED PUBLISHING COMPANY, INC.; PUBLIX SUPERMARKETS, INC.; CARLTON FIELDS, P.A.; H. BRANDT AYERS; BENJAMIN CUNNINGHAM; JASON BACAJ; WAYNE RUPLE; JOHN A. ATTAWAY, JR.; CHARLES H. JENKINS, JR.; WILLIAM E. CRENSHAW; CAROL JENKINS BARNETT; HOYT R. BARNETT; H. RAY ALLEN, III; KENNETH A. TINKLER; TOWN OF CAMPBELLTON, FLORIDA; NORTHEAST ALABAMA GAS DISTRICT; TOWN OF EDWARDSVILLE, ALABAMA; and TOWN OF TALLADEGA SPRINGS, | : | |
| Defendants. | : | |

## ORDER

Plaintiff, who lives in Wayne County, Georgia, and is proceeding pro se, filed a cause of action in this Court. Plaintiff also filed a motion to proceed *in forma pauperis*. According to Plaintiff, Defendants violated his rights by obtaining unsealed records from the Carroll County, Georgia, Probate Court which contain his restricted medical records.

Plaintiff asserts that Defendant Jason Bacaj, who was a reporter in Anniston, Alabama, obtained this information from the Carroll County Probate Court illegally, and Defendant Consolidate Publishing Company, Inc., published this information in Alabama. Plaintiff also asserts that Defendant Publix Supermarkets, Inc., and/or its employed attorneys, Defendant Carlton Fields, P.A., conducted an internet search and located the articles containing the illegally obtained information Defendant Consolidated Publishing Company, Inc., published.[1] Plaintiff contends that Defendants' actions have caused him injury. Plaintiff seeks monetary damages and equitable relief. Plaintiff names as Defendants: Consolidated Publishing Company, Inc., which is a Delaware corporation and is registered as a foreign corporation with the Alabama Secretary of State; Publix Supermarkets, Inc., which is a Florida corporation and which conducts business in the State of Georgia; Carlton Fields, P.A., a provider of legal services incorporated in the State of Florida; H. Brandt Ayers, the chairman and publisher of The Anniston Star and Consolidated Publishing Company, Inc.; Ben Cunningham, editor of The Anniston Star; Jason Bacaj, a former staff writer at The Anniston Star; Wayne Ruple, editor of The Cleburne News in Heflin, Alabama; John A. Attaway, Sr., Charles H. Jenkins, Jr., William E. Crenshaw, Carol Jenkins Barnett, and Hoyt R. Barnett, all of whom are corporate employees of Defendant Publix Supermarkets, Inc., in Lakeland, Florida; H. Ray Allen, III, and Kenneth A. Tinkler, both of whom are attorneys with Defendant Carlton Fields, P.A., in Tampa, Florida; Campbellton, Florida; Northeast Alabama Gas District, a public utility formed by and for the benefit of Edwardsville and Talladega Springs, Alabama; Edwardsville, Alabama; and Talladega Springs, Alabama. (Doc. No. 1, pp. 17-20).

---

[1] The undersigned need not recount the entirety of the allegations contained in Plaintiff's 273-page filing.

Plaintiff asserts that this Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of parties), and 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff alleges that venue is proper in the Brunswick Division of the District Court for the Southern District of Georgia because Defendants are subject to suit in his current county of residence, which is Wayne County, Georgia. Plaintiff also alleges that venue is proper in this District because the Defendants are subject to personal jurisdiction under 28 U.S.C. § 1391(b)(3) ("A civil action may be brought in—if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

Contrary to Plaintiff's assertions that venue is proper in this District, his assertions must fail. Plaintiff points to no actionable injury stemming from activities allegedly occurring within this District. See PVC Windoors, Inc. v. Babbitbay Beach Constr.,N.V., 598 F.3d 802, 811 (11th Cir. 2010) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985), for the contention that a defendant has "fair warning" that it will be subject to suit in a forum if its activities are "purposefully directed" at residents of the forum and the resulting litigation from those alleged injuries "arise out of or relate to" those activities). Rather, Plaintiff sets forth events allegedly arising out of Anniston, Alabama, and subsequently out of Lakeland, Florida. The undersigned makes no determination of the viability of Plaintiff's claims against the Defendants. However, it appears that venue properly lies in Calhoun County, Alabama, which is in the Eastern Division of the Northern District of Alabama. This cause of action is hereby **TRANSFERRED** to the United States District Court for the Eastern Division of the

3

AO 72A
(Rev. 8/82)

Northern District of Alabama. The Clerk of Court is directed to transmit a complete record of this case to the Alabama court's clerk's office for filing.

**SO ORDERED**, this 12 day of December, 2012.

                LISA GODBEY WOOD, CHIEF JUDGE
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)