# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| EUGENE DEBBS PHILLIPS, III, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CV 213-069 |
| | * |
| CONSOLIDATED PUBLISHING CO., INC., | * |
| PUBLIX SUPERMARKETS, INC., | * |
| CARLTON FIELDS, P.A., | * |
| H. BRANDT AYERS, | * |
| BENJAMIN CUNNINGHAM, | * |
| JASON BACAJ, | * |
| JOHN ALRED, | * |
| WAYNE RUPLE, | * |
| H. RAY ALLEN, II, and | * |
| KENNETH A. TINKLER, | * |
| | * |
| Defendants. | * |

## ORDER

Presently before the Court is Plaintiff's[1] Motion for an Ex Parte Temporary Restraining Order. See Dkt. No. 21. Upon due consideration, Plaintiff's motion is **DENIED**.

---

[1] Plaintiff is proceeding *pro se*.

1

I.  **LEGAL STANDARD**

To be eligible for a temporary restraining order ("TRO") under Rule 65 of the Federal Rules of Civil Procedure ("Rules"), a movant must establish each of the following elements: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury if the relief is not granted; (3) the threatened injury outweighs the harm that the proposed relief would inflict on the non-movant; and (4) if issued, the relief would not be adverse to the public interest. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (citation omitted).

In balancing these four factors, the court may employ a "sliding scale" by "balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits." Florida Med. Ass'n,

Inc. v. U. S. Dep't of Health, Ed. & Welfare, 601 F.2d 199, 203 n.2 (5th Cir. 1979).[2] Thus, the greater the potential harm, the lower the likelihood of success needs to be. See id. Accordingly, where the "balance of equities weighs heavily in favor of granting the injunction, the movant need only show a substantial case on the merits." Gonzalez ex rel. Gonzalez v. Reno, No. 00-11424-D, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. June 26, 1981)).

## III. DISCUSSION

This case arises out of Defendants' alleged intentional dissemination of Plaintiff's confidential medical and psychiatric records. See Dkt. No. 16.

A. Likelihood of Success on the Merits

Plaintiff brings many claims. See generally Dkt. No. 21. Plaintiff has demonstrated a substantial likelihood of success on the merits on at least some of his claims. For example,

---

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

3

based on his allegations, Plaintiff has demonstrated a substantial likelihood of success on the merits on his IIED claim. See Dkt. No. 21. To prevail on an IIED claim, "a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 465 (Ga. Ct. App. 2012) (citations omitted). Based on Plaintiff's allegations, Defendants intentionally obtained and disclosed his personal, confidential, and sensitive medical records, including his psychiatric records. Moreover, Defendants allegedly disclosed this personal medical information in a public forum with the intent to damage Plaintiff's personal and professional reputation and coerce his colleagues into dropping an unrelated lawsuit. A factfinder could conclude that such actions support a finding in Plaintiff's favor with respect to his IIED claim.

Because Plaintiff has demonstrated a substantial likelihood of success on the merits on some of his claims, the first factor weighs in favor of granting Plaintiff's motion.

AO 72A
(Rev. 8/82)

B. Irreparable Injury

Before the Court may issue a TRO, the plaintiff must show that—in the absence of a TRO—irreparable harm is not merely "possible" but "likely." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "An injury is 'irreparable' only if it cannot be undone through monetary remedies." See, e.g., Deerfield Med. Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (11th Cir. 1981).

Plaintiff has not demonstrated that he will suffer irreparable injury if the requested relief is denied. First, other than to mount a defense, there is no indication that Defendants or their counsel will disseminate the confidential information imminently. In fact, there is no allegation that such information has been released in the past two (2) years. Second, the alleged harm is largely compensable through monetary relief. See, e.g., Dkt. No. 16 ¶ 18 (asserting that release of the information will render Plaintiff unemployable); Dkt. No. 21 ¶ 14 (asserting that insurance companies will deny Plaintiff coverage upon release of the information); id. (asserting that the information can be used against Plaintiff by his future "corporate adversaries").

5

The Court appreciates Plaintiff's dilemma. That is, according to Plaintiff, Defendants possess large amounts of confidential and sensitive information that has been released, at least in part. Plaintiff brought this suit to hold Defendants accountable for their alleged actions. However, one consequence of bringing this suit is that Defendants are entitled to counsel who are afforded access to all relevant information that might help them build a successful defense. Consequently, the second factor weighs in favor of denying Plaintiff's motion.

C. Relative Harm

Plaintiff filed his motion for a TRO prior to serving process on Defendants. He also filed his motion *ex parte*. Consequently, Defendants have not received notice of Plaintiff's motion. Plaintiff maintains that he seeks a TRO *ex parte* and prior to service of process because he is requesting that Defendants be enjoined from disseminating Plaintiff's confidential medical information to Defendants' own attorneys, investigators, and insurance companies. See Dkt. No. 21 ¶ 8.

Because this instant motion is *ex parte*, the Court has not heard from Defendants concerning how the proposed TRO may harm

them. The Court assumes, however, that granting Plaintiff's motion will deny Defendants adequate representation and the ability to determine their potential liability under this suit. Accordingly, the third factor weighs in favor of denying Plaintiff's motion.

D. Public Interest

Entry of Plaintiff's requested relief would not serve the public interest. In particular, the requested TRO would deny Defendants an ability to sufficiently defend themselves against the instant action. Such an outcome is inconsistent with public policy.

**IV. CONCLUSION**

For the reasons stated above, the relevant considerations weigh in favor of denying Plaintiff's motion for a TRO. Accordingly, Plaintiff's Motion for an Ex Parte Temporary Restraining Order is **DENIED**. Dkt. No. 21.

It is **ORDERED** that a hearing regarding Plaintiff's request of preliminary injunctive relief be held before the Honorable Judge James Graham at 2:00 p.m. on July 23, 2013.

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 10th day of July, 2013.

/s/ Lisa Godbey Wood
_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)