IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUL 26 A 9:41

CLERK Caldell
SO. DIST. OF GA.

EUGENE DEBBS PHILLIPS, III,

Plaintiff,

v.

CIVIL ACTION NO.: CV213-069

CONSOLIDATED PUBLISHING
COMPANY, INC.; PUBLIX
SUPERMARKETS, INC.; CARLTON
FIELDS, P.A.; H. BRANDT AYERS;
BENJAMIN CUNNINGHAM; JASON
BACAJ; WAYNE RUPLE; KENNETH
A. TINKLER; JOHN ALRED; and
H. RAY ALLEN, II,

Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The undersigned entered an Order dated December 5, 2012, granting Plaintiff's Motion to File this Case Under Seal. (Doc. No. 4). The undersigned **VACATES** the December 5, 2012, Order and enters the following in its stead. Plaintiff's original Complaint contains information which is arguably confidential and shall remain sealed. See L.R. 79.7(d) (noting that, in most cases, only the contents of the filing itself will warrant the sealing of the filing). However, the remaining filed pleadings in this case shall no longer be sealed. In addition, any pleadings filed in the future shall not be sealed, unless otherwise directed by the Court. The Clerk of Court is directed to unseal this case, except as above noted.

AO 72A
(Rev. 8/82)

The undersigned conducted a hearing on July 23, 2013, regarding Plaintiff's request for a preliminary injunction, at which Plaintiff appeared on his own behalf and Mark Johnson, Susan Cox, and Walter Bush appeared on behalf of the Defendants.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff seeks preliminary injunctive relief to restrain Defendants from disseminating any of Plaintiff's privileged, restricted medical and psychiatric records to any other person or entity, including their attorneys, investigators, and insurers. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). In balancing these four factors, "while the likelihood of success is generally the most important," a court may employ a "sliding scale" by "balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits." Cent. Ala. Fair Hous. Center v. Magee, No. 2:11-cv-982, 2011 WL 5878363, at *1 (M.D. Ala. Nov. 23, 2011) (citing Fla. Med. Ass'n, Inc. v. United States Dep't of Health, Educ. & Welfare, 601 F.2d 199, 203 n.2 (5th Cir. 1979)). Thus, the greater the potential harm, the lower the likelihood of success needs to be. Id. Accordingly, where the "balance of

AO 72A
(Rev. 8/82)

equities weighs heavily in favor of granting the injunction, the movant need only show a substantial case on the merits." Gonzalez ex rel. Gonzalez v. Reno, No. 00-11424, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)).

I.  **Likelihood of Success on the Merits**

The Honorable Lisa Godbey Wood entered an Order denying Plaintiff's ex parte request for a temporary restraining order. (Doc. No. 29). In that Order, Judge Wood noted that Plaintiff has demonstrated a substantial likelihood of success on the merits of "at least some of his claims[ ]" and specifically mentioned Plaintiff's intentional infliction of emotional distress claim. (Id. at p. 3). Because Plaintiff has demonstrated a substantial likelihood of success on the merits of some of his claims, this factor weighs in favor of granting Plaintiff's request for preliminary injunction.

II. **Irreparable Injury**

A court cannot issue a preliminary injunction unless the movant shows he "is likely to suffer irreparable harm in the absence of preliminary relief." United States v. Jenkins, 714 F. Supp.2d 1213, 1216 (S.D. Ga. 2008) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). The issuance of a preliminary injunction "based only on the possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (internal citation omitted).

The harm Plaintiff fears—that his confidential medical and psychiatric records will be disseminated to the public, leading to this information being used against him

later—is not before the Court at this time. Mr. Bush represented at the hearing that the attorneys have no intention or interest in disseminating Plaintiff's medical and psychiatric information to the public. Rather, Mr. Bush stated that this information would be shared with the attorneys and their clients only to the extent necessary to prepare an adequate defense to Plaintiff's cause of action. Plaintiff has not shown that he will suffer an irreparable injury. This factor counsels against the granting of Plaintiff's request.

## III. Relative Harm

Defendants have now received notice of Plaintiff's cause of action and are aware that Plaintiff seeks to enjoin them from disseminating Plaintiff's medical and psychiatric records. However, as noted above, counsel's only interest is sharing any relevant information with each other and with their clients, to the extent necessary to defend this case. Additionally, Ms. Cox stated that this Court's Local Rules prohibit the parties from discussing cases with anyone not involved in the case. L.R. 11.2.[1] Based on Defendants' need to represent themselves adequately and counsel's familiarity with this Court's Local Rules, the relative harm that would be placed on Defendants and their counsel by granting Plaintiff's requested injunctive relief would be too great. The third fact weighs in favor of denying Plaintiff's requested relief.

## IV. Public Interest

As Judge Wood noted in her Order, Plaintiff's requested injunctive relief would hinder Defendants' ability to defend themselves against Plaintiff's allegations.

---

[1] "It is the duty of every lawyer or law firm associated with the case not to release or authorize the release of information or an opinion, which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent civil litigation with which he or his firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." L.R. 11.2.

Hindering a litigant's ability to litigate effectively is against public interest. The fourth and final factor weighs in favor of denying Plaintiff's requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Request for Injunctive Relief be **DENIED**.

**SO ORDERED and REPORTED and RECOMMENDED**, this 26th day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)